LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DIANA HRISTOVA,
*on behalf of herself, FLSA Collective Plaintiffs and the Class*,

                    Plaintiff,

        v.

UNO RESTAURANT HOLDINGS CORPORATION,
UNO RESTAURANTS, LLC,
UNO OF ASTORIA, INC.,
and JOHN DOE CORPS. #1-200,

                    Defendants.

Case No.: 15-CV-6485

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiff, DIANA HRISTOVA ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorney, hereby files this First Amended Class and Collective Action Complaint against Defendants, UNO RESTAURANT HOLDINGS CORPORATION, UNO RESTAURANTS, LLC, UNO OF ASTORIA, INC. and JOHN DOE CORPS. #1-200 (collectively, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid wages due to time shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid wages due to time shaving, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Original jurisdiction also exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff, DIANA HRISTOVA, is a resident of Queens County, New York.

7.      Defendants operate a nationwide chain of over 130 restaurants under the trade name "UNO Pizzeria & Grill" located in 24 different states and the District of Columbia in the United States (hereinafter, "Uno Restaurants").

8.      Defendant, UNO RESTAURANT HOLDINGS CORPORATION, is a Delaware business corporation which operates Uno Restaurants and has its principal office located at 100 Charles Park Road, Boston, Massachusetts 02132 and an address for service of process located at c/o CT Corporation Systems, 111 Eighth Avenue, New York, New York 10011.

9.      Defendant, UNO RESTAURANTS, LLC, is a Delaware limited liability company which operates Uno Restaurants and has its principal office located at 100 Charles Park Road, Boston, Massachusetts 02132 and an address for service of process located at c/o CT Corporation Systems, 111 Eighth Avenue, New York, New York 10011. Upon information and belief, Defendant UNO RESTAURANTS, LLC is a wholly owned subsidiary of UNO RESTAURANT HOLDINGS CORPORATION.

10.     Defendant, UNO OF ASTORIA, INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 37-11 35th Avenue, Astoria, New York 11101 and an address for service of process located at c/o CT Corporation Systems, 111 Eighth Avenue, New York, New York 10011. Upon information and belief, Defendant UNO OF ASTORIA, INC. is a wholly owned subsidiary of UNO RESTAURANTS, LLC and operates the UNO Pizzeria & Grill located at 37-11 35th Avenue, Astoria, New York 11101.

11.     Defendants JOHN DOE CORPS. #1-200 constitute corporations, limited liability companies or other entities, whose identities are unknown at this time, that employed Plaintiff and/or operated each of the Uno Restaurants nationwide.

12. Defendants operate Uno Restaurants as a single integrated enterprise out of the central corporate office located at 100 Charles Park Road, Boston, Massachusetts 02132.

13. At all relevant times, each of the Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, applicable state labor laws and the regulations thereunder.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

15. Plaintiff have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, bussers, runners and delivery persons, employed by Defendants at Uno Restaurants located throughout the United States on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. Further, Plaintiff and FLSA Collective Plaintiffs were subject to Defendants' willful failure and refusal to pay

wages for all hours worked due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. With regard to Plaintiff and a subgroup of FLSA Collective Plaintiffs who were tipped employees (i.e. bartenders, barbacks, servers, bussers, runners and delivery persons), Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, bussers, runners and delivery persons, employed by Defendants at Uno Restaurants located throughout the United States on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class").

20. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders, barbacks and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiffs are members of both the Class and the Tipped Subclass.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay wages for all hours worked due to time shaving, (iv) failing to pay spread of hours premium, and (v) failing to provide proper wage statements and notices. With regard to Plaintiff and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law or other applicable state laws. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and the Class within the meaning of applicable state labor laws;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

(d) Whether Defendants properly notified Plaintiff and the Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants paid Plaintiff and Class members the proper minimum wage under applicable state laws;

(f) Whether Defendants provided proper notice to the Tipped Subclass members that Defendants were taking a tip credit;

(g) Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h) Whether Defendants took the proper amount of tip credit allowance from the Tipped Subclass members under applicable state laws;

(i) Whether Defendants required the Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(j) Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

(k) Whether Defendants paid Plaintiff and Class members the proper overtime compensation under applicable state laws;

(l) Whether Defendants failed to properly compensate Plaintiff and Class members wages for all hours worked;

(m) Whether Defendants paid Plaintiff and Class members the spread of hours premium as required by the New York Labor Law; and

(n) Whether Defendants provided proper wage statements and notices to Plaintiff and Class members per requirements of applicable state laws.

## STATEMENT OF FACTS

27. From in or about July 2007 until in or about November 2014, Plaintiff DIANA HRISTOVA was employed by Defendants to work as a server for Defendants' restaurant "Uno Pizzeria & Grill" located at 37-11 35th Avenue, Astoria, New York 11101 ("Uno Astoria").

28. From in or about October 2009 until in or about December 2012, Plaintiff DIANA HRISTOVA worked 45 hours, 6 days per week with shifts that varied among 1:00 a.m. to 10:00

a.m., 10:00 a.m. to 5:00 p.m., and 5:00 p.m. to 1:00 a.m. On weekends, Plaintiff DIANA HRISTOVA was regularly required to work double shifts, which exceeded 10 hours per workday. From in or about January 2013 until the end of her employment with Defendants, Plaintiff DIANA HRISTOVA worked approximately 30 to 40 hours, 3 to 4 days per week.

29. Throughout her employment with Defendants, Plaintiff DIANA HRISTOVA was required to work without any breaks on a daily basis.

30. Throughout her employment with Defendants, Plaintiff DIANA HRISTOVA was required to clock out at the end of her scheduled shift. However, she was required to do 1 to 2 additional hours of unrecorded work after she clocked out every day. As a result, the number of work hours for which Plaintiff DIANA HRISTOVA was paid was less than her actual hours worked. In addition, Plaintiff DIANA HRISTOVA's wage statements fraudulently reflected that they worked only forty (40) hours per week when in fact they actually worked more than forty (40) hours per week.

31. Throughout her employment with Defendants, Plaintiff DIANA HRISTOVA was paid at a regular hourly rate of $5.00.

32. Based on Plaintiff's direct observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members suffered the same time-shaving policy and were paid at the same or similar hourly rates.

33. Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or

that the tip credit taken by Defendants may not exceed the value of tips that they actually received.

34. During her employment with Defendants, Plaintiff was required to engage in various non-tipped activities, such as moving heavy boxes, preparing food, wiping the restaurant walls and cleaning the kitchen, for 20 percent or more of their workday. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Tipped Subclass members similarly spent at least 20 percent of their workday performing such non-tipped activities.

35. At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members at regular rates below the prevailing minimum wage in violation of the FLSA and applicable state laws.

36. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and applicable state laws.

37. At all relevant times, Defendants failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time shaving.

38. At all times relevant, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

39. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL or other applicable state laws.

40. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the applicable state minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members.

41. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and the Tipped Subclass the federal and state minimum wage for all hours worked, despite failing to satisfy the requirements to claim tip credit.

42. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the applicable state overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

43. Defendants knowingly and willfully operated their business with a policy of time shaving. As a result, Defendants failed to pay wages to Plaintiff and Class members for all hours worked in violation of the FLSA and applicable state laws.

44. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements or notices to Plaintiff and Class members, in violation of the NYLL or other applicable state laws.

46. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiff realleges and reavers Paragraphs 1 through 46 of this First Amended class and collective action Complaint as if fully set forth herein.

48. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

50. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

51. At all relevent times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were not entitled to claim any tip credits under FLSA.

52. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

53. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to a policy of time shaving. The wage statements of Plaintiff and FLSA Collective Plaintiffs did not accurately reflect their hours worked.

54. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory minimum wage and overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

55. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, plus an equal amount as liquidated damages.

58. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

59. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

60. Plaintiff reallege and reavers Paragraphs 1 through 59 of this First Amended class and collective action Complaint as if fully set forth herein.

61. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

62. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the minimum wage required by the New York Labor Law. Defendants were not entitled to claim any tip credits under the New York Labor Law.

63. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

64. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time shaving. The wage statements of Plaintiff and Class members did not accurately reflect their hours worked.

65. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

66. Defendants willfully failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class members, as required by New York Labor Law § 195(1).

67. Defendants willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

68. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, unpaid wages due to time shaving, unpaid spread of hours, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

### COUNT III

### VIOLATION OF APPLICABLE STATE LAWS

69. Plaintiff realleges and reavers Paragraphs 1 through 68 of this First Amended class and collective action Complaint as if fully set forth herein.

70. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the applicable state wage and hour laws.

71. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the minimum wage required by the applicable state laws. Defendants were not entitled to claim any tip credits.

72. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

73. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time shaving. The wage statements of Plaintiff and Class members did not accurately reflect their hours worked.

74. Defendants willfully violated Plaintiff's and Class members' rights by failing to provide proper wage statements and notices as required under the applicable state laws.

75. Due to Defendants' state wage and hour law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, unpaid wages due to time shaving, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and applicable state laws;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the FLSA and applicable state laws;

d. An award of unpaid overtime compensation due under the FLSA and applicable state laws;

e. An award of unpaid wages due under the FLSA and applicable state laws as a result of Defendants' time shaving;

f. An award of unpaid spread of hours due under the New York Labor Law;

g. An award of statutory penalties as a result of Defendants' failure to comply with the wage statement and notice requirements under the New York Labor Law and applicable state laws;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to the FLSA;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to applicable state laws;

j. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 16, 2015            Respectfully submitted,

By:   /s/ C.K. Lee
      C.K. Lee, Esq.

      LEE LITIGATION GROUP, PLLC
      C.K. Lee (CL 4086)
      Anne Seelig (AS 3976)
      30 East 39th Street, Second Floor
      New York, NY 10016
      Tel.: (212) 465-1188
      Fax: (212) 465-1181

      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*